UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ACE AMERICAN INSURANCE COMPANY | Case No. 2:14-cv-00703-APG-NJK |
|---|---|
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| LAWRENCE HALLIER, et al., | **[Dkt. #18]** |
| Defendants. | |

In my previous order, I provided the background facts in this breach-of-contract-case, so I do not repeat them here. Defendants move to dismiss all four of Plaintiff ACE American Insurance Company's claims against them: (1) fraudulent conveyance, (2) breach of fiduciary duty (3) fraudulent concealment, and (4) declaratory judgment of alter-ego liability.

Defendants argue that ACE's fraudulent conveyance and breach of fiduciary duty claims fail because only creditors can bring those claims and, in Defendants' view, ACE is not a creditor. Defendants similarly argue they did not have any duty to disclose their internal workings to ACE, so ACE's third claim—fraudulent concealment—must also fail. Finally, defendants argue that if ACE's other three claims fail, its declaratory judgment claim must fail as well because a declaratory judgement claim cannot survive as an independent cause of action.

I grant defendants' motion in part and deny it in part. I grant it as to ACE's fraudulent concealment claim. ACE has not set forth facts to establish that defendants owed it a special duty to disclose their internal workings; and without a duty to disclose, there can be no fraudulent concealment. I deny defendants' motion, however, as to ACE's other three claims. In terms of fraudulent conveyance, I have already ruled that ACE is a creditor; as a result, it can bring a

fraudulent conveyance claim. Being a creditor of an allegedly insolvent LLC also means ACE can maintain its breach of fiduciary duty claim. The claim is not a derivative action but rather a direct action, so defendants' arguments that ACE has not properly pleaded a derivative claim are of no consequence. ACE's final claim, for declaratory judgment, likewise survives. Defendants' only argument against that claim is that it could not survive as an independent action. But because I find that two other of ACE's claims survive, the declaratory judgment claim survives as well.[1]

## I. LEGAL STANDARD: MOTION TO DISMISS

A complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[2] While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."[3] "Factual allegations must be enough to rise above the speculative level."[4] Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face."[5]

---

[1] On December 5, 2014, PT II filed a joinder to Sasson Hallier's motion to dismiss. (Dkt. #54). ACE opposed, arguing that the joinder was untimely. (Dkt. #53). But because PT II sufficiently explained why its joinder was untimely and because allowing its arguments—which are the same as Sasson Hallier's—would not prejudice ACE, I allow PT II to join.

[2] Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555 (2007).

[3] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

[4] *Twombly*, 550 U.S. at 555.

[5] *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

2

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering a motion to dismiss. First, the court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth.[6] Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.[7] Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.[8] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[9] Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief."[10] When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed.[11]

## II.   DISCUSSION

**A. Fraudulent Conveyance**

Defendants raise only one argument in support of dismissing ACE's fraudulent conveyance claim: only creditors can bring claims for fraudulent conveyance and, according to

---

[6] *Id*. at 1950.

[7] *Id*. at 1949.

[8] *Id*. at 1950.

[9] *Id*. at 1949.

[10] *Id*. (internal quotation omitted).

[11] *Twombly*, 550 U.S. at 570.

defendants, ACE is not a creditor.[12]  Defendants are correct that ACE must be a creditor to bring a claim for fraudulent conveyance.[13]  But I have ruled in the order entered concurrently herewith that ACE has valid judgments against defendants and is therefore a creditor.  Accordingly, ACE can maintain its fraudulent conveyance claim.

### B. Breach of Fiduciary Duty

Defendants argue that ACE's breach of fiduciary duty claim must be dismissed for three independent reasons: "(1) [ACE]'s claim is derivative in nature, and thus the Complaint fails to satisfy the requirements of Fed. R. Civ. P. 23.1; (2) ACE does not have standing to pursue such a derivative claim; and (3) ACE is not a creditor and thus no fiduciary duty is owed by Defendants."[14]

I mentioned above that I have determined that ACE is a creditor; as a result, defendants' third reason carries no weight.  As for their first two reasons, each is premised on the argument that ACE's claim is a derivative action.  But I find that it is instead a direct action.  "The 'proper analysis' for distinguishing between direct and derivative claims requires a court to examine 'the nature of the wrong and to whom the relief should go.'"[15]  In other words, I must ask "(1) who suffered the alleged harm (the corporation or the suing stockholders individually); and (2) who

---

[12] (Dkt. #31 at 7) (noting that the "sufficiency" of ACE's claim "will turn on whether the Judgments are found to be valid and enforceable"—by which they mean the judgments of the Eastern District of Pennsylvania that confirmed two arbitration awards against defendants).  For the background facts regarding these judgments, see my Order filed concurrently herewith.

[13] *See Jahner ex rel. Jahner v. Jacob*, 51 N.W.2d 183, 185 (N.D. 1994) ("A valid, presently enforceable debt against the original transferor is an essential element of an action against the transferee to set aside a fraudulent transfer.") (interpreting the Uniform Fraudulent Conveyance Act, 11 USC § 548, and citing *Laidley v. Heigho*, 326 F.2d 592 (9th Cir. 1963)).

[14] (Dkt. #31 at 8.)

[15] *Mann v. GTCR Golder Rauner, L.L.C.*, 483 F.Supp 884, 896 (D. Ariz 2007) (quoting *Tooley v. Donaldson, Lufkin & Jenrette, Inc* 845 A.2d 1031, 1033 (Del. 2004)).

4

would receive the benefit of any recovery or other remedy (the corporation or the stockholders, individually)?"[16]

Here, ACE suffered the alleged harm and it would receive the benefit of recovery. This case is, in many ways, just a collection action. ACE is not suing on behalf of a corporation or any other entity. It is simply trying to collect the money it was awarded in the arbitration proceedings. And because the limited liability companies it wants to collect from have become increasingly insolvent, ACE is now targeting Mr. Hallier, who, according to ACE, is responsible for "looting [the companies] instead of paying longtime vendors such as ACE."[17] There is nothing derivative about this or any other step ACE has taken. It has valid judgments against LLCs that are apparently insolvent, which means it is a direct creditor of these LLCs. And at the point of insolvency, creditors become eligible to assert a breach of fiduciary duty claim against the members and managers of LLCs for "improperly harming the economic value of the firm, to the detriment of the creditors who had legitimate claims on its assets."[18] ACE therefore can maintain its breach of fiduciary duty claim.

/ / / /

/ / / /

/ / / /

/ / / /

---

[16] *Id.*

[17] (Dkt.# 25 at 3.)

[18] *JPMorgan Chase Bank, N.A. v. KB Home*, 632 F.Supp 2d 1013, 1026-7(D. Nev. 2009) (finding that "[b]ecause the justifications for the corporate insolvency exception are equally applicate to limited liability companies, . . . the Nevada Supreme Court would extend the insolvency exception to limited liability companies").

5

**C. Fraudulent Concealment**

ACE cannot, however, maintain its fraudulent concealment claim. To prove this cause of action in Nevada, ACE would have to show that defendants had "a duty to disclose" a certain material fact to ACE.[19] But ACE has not pleaded sufficient facts to do so.

"A duty to disclose may arise when a fiduciary relationship exists between the parties or where the parties enjoy a 'special relationship,' that is, where a party reasonably imparts special confidence in the defendant and the defendant would reasonably know of this confidence."[20] ACE claims that it "placed special trust and reliance in Mr. Hallier in matters related to the SHP and PT II contracts."[21] But it does not provide any facts to support that claim. Nor does it point to any legal authority that establishes that it, as an insurance company, is owed a duty of disclosure by the parties it insures. In fact, courts have generally held that parties in an arms-length negotiation are not in a special relationship that gives rise to a duty to disclose.[22] "No special relationship generally exists between debtors and creditors absent exceptional circumstances."[23] ACE has not shown that this case represents one of those "exceptional circumstances." Its fraudulent concealment claim is therefore dismissed.

---

[19] *See Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142 (9th Cir. 2005) (setting out the elements of fraudulent concealment).

[20] *Summit Growth Mgmt. LLC v. Marek*, 2012 U.S. Dist. Lexis 127287 (quoting *Dow Chem. Co. v. Mahlum*, 970 P.2d 98, 110 (Nev. 1998)).

[21] (Dkt. #28 at ¶151.)

[22] *See GCN Products, Inc. v. O'Young*, 22 Fed. Appx. 772, 774 (9th Cir. 2001); *Weingartner v. Chase Home Fin., LLC*, 702 F. Supp. 2d 1276, 1288 (D. Nevada. 2010); *Peri & Sons Farms, Inc. v. Jain Irrigation, Inc.* 933 F. Supp. 2d 1279, 1294 n. 14 (D. Nev. 2013).

[23] *Parker v. Bank of Am. NA*, No. 3:12-cv-126, 2012 U.S. Dist. LEXIS 108873, at *13 (D. Nev. Aug. 3, 2012).

6

### D. Declaratory Judgment

Defendants' sole argument against ACE's declaratory judgment claim is that it cannot survive as an independent cause of action. If ACE's other three claims fail, they argue, its declaratory judgment claim must fail too. As support for this proposition, they cite *Petit v. Fannie Mae*, a case in which this court held that "a 'claim' for declaratory relief is not a substantive cause of action at all; it is merely a prayer for a remedy."[24] Because I find that two of ACE's claims may proceed, its declaratory judgment claim can remain as well.

## II. CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss (**Dkt. #18**) **is GRANTED IN PART** and **DENIED IN PART**. ACE's claim for fraudulent concealment is dismissed. But ACE may go forward with its claims for fraudulent conveyance, breach of fiduciary duty, and declaratory judgment.

DATED this 25th day of March, 2015.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[24] No. 2-11-00149, 2014 U.S. Dist. Lexis 1722. At *11 (D. Nev. Feb 11, 2014).